# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02939-MSK-NYW

DEEPIKA ALURU, M.D.,

    Plaintiff,

v.

ANESTHESIA CONSULTANTS, PROFESSIONAL CORPORATION, a Colorado corporation, and PAUL A. GUTOWSKI, D.O.,

    Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff's Motion to Strike William H. Kaepfner[1] [sic] as an Expert and Striking His "Expert Report" ("Motion to Strike") [#49] filed by Plaintiff Deepika Aluru, M.D. ("Plaintiff" or "Dr. Aluru") on December 24, 2014, which was referred to this Magistrate Judge pursuant to the Order of Reference to enter "such orders as appropriate to enforce the Scheduling Order, and resolve discovery matters … [and to] Hear and determine referred matters in accordance with 28 U.S.C. § 636(b)(1)(A) and (B)" dated October 31, 2013 [#6] and Memorandum dated October 16, 2014 [#44]. The court has reviewed Plaintiff's Motion to Strike [#49] and Defendants' Response to the Motion to Strike [#52], and Plaintiff did not seek leave to file a Reply. The court has determined that oral argument would not materially

---

[1] While Plaintiff refers to Defendants' expert as "William Kaepfner," it appears that this is a misspelling and the court will refer to the subject witness as Dr. Kaempfer, as reflected in his report. [#49-1].

assist in the disposition of this matter. Therefore, having considered the papers and the applicable case law, the court hereby DENIES Plaintiff's Motion to Strike.

## BACKGROUND

Plaintiff Deepika Aluru, M.D. initiated this action on October 28, 2013, asserting eighteen counts under federal and state law for discrimination on the basis of race, color, national origin, and heritage; religion and creed; gender; age; retaliation; breach of contract; intentional interference with contractual relations; intentional infliction of emotional distress; and wrongful discharge. [#1]. On February 18, 2014, the court entered a Scheduling Order [#19], with the following language governing expert disclosures:

> The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on …
>
> The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 15, 2014.

[*Id.*] Chief Judge Krieger subsequently entered her Trial Preparation Order, which provides in pertinent part:

> The deadline in the Scheduling Order for the filing of dispositive motions shall also be the deadline for parties to file motions challenging the foundational requirements of opinion testimony under Fed. R. Evid. 702. If the dispositive motion deadline is changed, the Rule 702 motion deadline automatically changes to match it.

[#20.]

The Scheduling Order was further clarified by Minute Order dated May 1, 2014 [#25], setting deadlines for the designation of experts on August 15, 2014 and for rebuttal experts on September 15, 2014, respectively [*id.*]. Discovery was set to close on October 15, 2015, and the deadline for filing dispositive motions was set for November 15, 2015. [#19].

On June 13, 2014, Dr. Aluru filed an Unopposed Motion for Extension of Certain Pretrial Deadlines, including extending the deadlines for exchanging expert reports, for discovery to close, and for the submission of dispositive motions. [#29]. The court granted the motion, ordering:

> The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 15, 2014;
>
> The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 15, 2015;
>
> Discovery Cut-Off: November 14, 2014;
>
> Dispositive Motion Deadline: December 15, 2014.

[#31].

These dates were once again altered after the court ordered additional discovery on October 6, 2014. Dr. Aluru submitted Proposed Revisions to the Court's Scheduling Order, with extensions to the dates for expert disclosures; rebuttal expert disclosures; discovery cut-off; and dispositive motions, making clear that the "extended dates apply <u>only</u> to any additional expert witness disclosures by Plaintiff (as Plaintiff made her damages expert witness disclosures timely) and any rebuttal expert disclosures made by Defendants in respect to any future expert witness disclosures by Plaintiff." [#42]. Defendants then requested an additional two days to designate its damages rebuttal expert, from October 15 to October 17, which was granted by the court. [#43, #45]. The court subsequently adopted Dr. Aluru's Proposed Revisions to the Court's Scheduling Order, and set the deadline for discovery for February 14, 2015 and dispositive motions deadline for March 14, 2015.

On October 17, 2014, Defendants offered William H. Kaempfer as an expert witness for damages purposes and propounded a report entitled "Evaluation of Economic Losses to Deepika

Aluru." [#49, at ¶ 6; #49-1]. In the report, Dr. Kaempfer purports to "calculate to a reasonable probability the economic losses attributable to Dr. Aluru's termination." [#49-1, at 2]. The report states that "Losses are evaluated for past and future time periods." [*Id.*, at 3]. Dr. Kaempfer also makes clear that "if the termination of Dr. Aluru by the defendants is not found to be wrongful under the provisions of the law, then any amount of post-termination economic loss experienced by Dr. Aluru is not a liability to the defendants." [*Id.*, at 2]. After estimating Dr. Aluru's economic loss at between $ 220,710 and $ 305,430, Dr. Kaempfer observes that "It is important to recognize that while this loss may have been suffered by Dr. Aluru that alone does not necessarily make Anesthesia Consultants liable for the loss." [*Id.* at 6].

On December 24, 2014, Dr. Aluru filed this instant Motion to Strike. Dr. Aluru argues that Dr. Kaempfer's report is divided into two parts, and the first part, entitled "Evaluation of Losses," was untimely disclosed. [#49, at 2-4]. She also argues that the entire report fails to satisfy the requirements of Rule 26(a)(2)(B), because it does not set forth the "full 'basis and reasons for these opinions'" (citing Rule 26), and such information is also not contained in the expert witness filed delivered to Dr. Aluru's counsel on November 7, 2014. [*Id.* at 5]. Dr. Aluru also argues that at his deposition on December 3, 2014, Dr. Kaempfer could not identify the data, sources and bases for his opinions. [*Id.* at 5-7] Therefore, Dr. Aluru asks this court to strike Dr. Kaempfer.

Defendants oppose the Motion to Strike, arguing that Dr. Kaempfer is properly classified as a rebuttal expert, and his report was timely filed. [#52]. Defendants point out that while the section entitled "Evaluation of Losses" does not explicitly state that it is rebuttal to the report of Mr. Roney, Dr. Aluru's economic expert, the content of the section was directed at addressing Mr. Roney's analysis. [*Id.* at 2-3]. Defendants also argue that regardless of whether Dr.

Kaempfer was properly classified as a rebuttal expert, Dr. Aluru suffered no prejudice. [*Id.* at 3-5]. Similarly, Defendants argue that Dr. Kaempfer's report satisfies the requirements of Rule 26(a)(2)(B), and even if deficient, there is sufficient time for the Defendants to cure any deficiencies.

## ANALYSIS

**I.     Standard of Review**

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to all other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). A retained expert must provide a report that contains "(1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; and (5) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The sequence of disclosures is also dictated by the Rule, with affirmative experts disclosed first, and rebuttal witnesses disclosed within 30 days after the other party's disclosure (unless otherwise set by the court). Fed. R. Civ. P. 26(a)(2)(D).

A violation of Rule 26(a)(2) is addressed by the court pursuant to Rule 37(c) of the Federal Rules of Procedure. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>     (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>     (B) may inform the jury of the party's failure; and

>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1).  The determination as to whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the court.  *Woodworker's Supply, Inc. v. Primcipal Mt. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  In exercising its discretion, the court considered four factors:  (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness.  *Id.*

## II.   Dr. Kaempfer's Status as Affirmative or Rebuttal Witness

The Advisory Committee for the Federal Rules of Civil Procedure has acknowledged that in most cases, the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to those issues.  Advisory Comm. Notes to 1993 Amendments to Fed. R. Civ. P. 26; *Anderson v. Seven Falls Co.*, No. 12-cv-01490-RM-CBS, 2013 WL 3771300, * 6 (D. Colo. July 18, 2013).  Rebuttal witnesses are those who are "intended solely to contradict or rebut evidence on the same subject matter identified" by affirmative experts.  Fed. R. Civ. P. 26(a)(2)(D)(ii); *E.E.O.C. v. JBS USA, Inc.*, No. 10-cv-02103-PAB-KLM, 2013 WL 3302429, at * 6  (D. Colo. July 1, 2013).

In this case, neither party submitted Mr. Roney's expert report for the court's consideration.  Nevertheless, a review of Dr. Kaempfer's report demonstrates that Defendants offer Dr. Kaempfer to rebut a claim of damages made by Dr. Aluru, and not for any affirmative purpose. Dr. Kaempfer identifies the "Assessment of Economic Losses" offered by Mr. Roney dated September 15, 2015 as one item reviewed in preparation of his report. [# 49-1, at 2].  And as he makes clear from his report, Dr. Kaempfer is taking no position as to whether Dr. Aluru is,

or is not, entitled to any economic damages. [#49-1 at 6 ("It is important to recognize that while this loss may have been suffered by Dr. Aluru that alone does not necessarily make Anesthesia Consultants liable for the loss.")]  Rather, he is addressing whether the appropriate amount of damages, because Dr. Aluru has asserted that she is entitled to damages [#1, at 28 (Prayer for Relief)].  Therefore, Dr. Kaempfer is appropriately understood to be a rebuttal witness, and Defendants' disclosure was timely made on October 17, 2015.

### III.     Sufficiency of Dr. Kaempfer's Report

Dr. Aluru next asserts that Dr. Kaempfer's expert report fails to satisfy the basic requirement of setting forth "a complete statement of all opinions the witness will express and the basis and reasons for them."  In particular, Dr. Aluru takes issue with Dr. Kaempfer's report, arguing that it fails to "recite fully 'the facts or data considered by the expert in formulating his opinion," emphasizing that Dr. Kaempfer does not identify the bases for general economic principles he uses. [#49, at 5].  Dr. Aluru further contends that neither Dr. Kaempfer's files nor his deposition testimony elucidated the bases for his opinions, and that he was repeatedly unable to specifically identify the general economic data upon which he based his conclusions. [*Id.* at 6-8].  Defendants counter that Dr. Kaempfer's report is sufficient, in that he is not required to identify every scintilla of evidence upon which he relies. [#52, at 6].  They further note that Dr. Aluru possessed Dr. Kaempfer's report over a month and a half before his deposition, and she was given an opportunity to discover the bases for Dr. Kaempfer's conclusions at depositions, but declined to do so. [*Id.* at 6-8].  Finally, Defendants argue that any deficiency in Dr. Kaempfer's expert report is harmless, as it could be readily cured by the designation of a sur-rebuttal witness within the time before trial. [*Id.* at 4].

The purpose of Rule 26(a)(2) report is to "eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial." *Cook v. Rockwell, Int'l Corp.*, 580 F. Supp. 2d 1071, 1122 (D.Colo. 2006). It does not, however, require a party to produce all of its expert's preliminary notes and calculations, or each piece of scientific data upon which the expert intends to rely. *See Etherton v. Owners Ins. Co.*, No. 10-CV-00892-MSK-KLM, 2011 WL 684592, at *2 (D. Colo. Feb. 18, 2011). In light of the circumstances of this case, the court finds that Dr. Kaempfer's report meets the minimum requirements of Rule 26(a)(2)(B), and any deficiency is harmless. The report itself sets out the bases for Dr. Kaempfer's analysis, and then discusses them. [#49-1, at 2-5]. Dr. Aluru does not challenge the factual numbers upon which the report is based (such as the figures from Dr. Aluru's W-2 forms or the allegation that the $ 10,000 employer match ceased at the end of 2012, before her termination). In addition, Dr. Aluru received Dr. Kaempfer's entire working file, and took the opportunity to test the bases for Dr. Kaempfer's conclusions at deposition.

To be certain, Dr. Kaempfer's report is concise, but any failure by Defendants or Dr. Kaempfer to provide robust details for the bases of his opinions is at Defendants' peril. Under the Federal Rules of Civil Procedure, Defendants and Dr. Kaempfer will be held to the reasonable contours of their Rule 26(a)(2) disclosures. But, at the core and even reflected in the title of her motion seeking to strike Dr. Kaempfer, Dr. Aluru's complaints confuse the expert reporting requirements of Rule 26(a)(2) with the considerations for assessing the admissibility of an expert's opinions under Rule 702 of the Federal Rules of Evidence. *Cook*, 580 F. Supp. 2d at 1122. As the *Cook* court aptly stated, "[w]hether an expert's method or theory can or has been tested is one of the factors that can be relevant to determining whether an expert's testimony is

reliable enough to be admissible. … It is not a factor for assessing compliance with Rule 26(a)(2)'s expert disclosure requirements." *Id.* (citations omitted).  The issue of whether Dr. Kaempfer's opinions are admissible pursuant to Rule 702 of the Federal Rules of Evidence is not before this court, and any challenge to admissibility must be properly raised before Chief Judge Krieger pursuant to the Trial Preparation Order [#20].

## CONCLUSION

For the reasons stated herein, IT IS ORDERED that:

(1) Plaintiff Deepika Aluru's Motion to Strike William H. Kaepfner [sic] as an Expert and Striking His "Expert Report" [#49] is DENIED.

DATED March 9, 2015                                    BY THE COURT:


/s Nina Y. Wang_____
United States Magistrate Judge